IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL SMITH, #M51792,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-01138-SMY |
| | ) |
| **M. PAPPAS,** | ) |
| **JASON MORRIS,** | ) |
| **JOHN DOE, and** | ) |
| **WARDEN OF MENARD** | ) |
| **CORRECTIONAL CENTER** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darryl Smith, an inmate of the Illinois Department of Corrections currently incarcerated at Pontiac Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Menard Correctional Center.[1] Plaintiff asserts a deliberate indifference to serious medical needs claim under the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff does not state where the events occurred and does not provide information as to the facility where the Defendants are employed. However, a document attached to the Complaint from the Administrative Review Board regarding a grievance against C/O Morris for failing to respond to medical issues indicates the grievance location was Menard Correctional Center. (Doc. 1, p. 8).

**The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was experiencing suicidal thoughts due to depression and requested to speak to a crisis team member. He was interviewed by mental health professional M. Pappas. When asked if he intended to harm himself, he stated he did not know. When asked if he needed to be on crisis watch, he said, "I think so." Pappas told him he did not believe he needed to be on crisis watch and that he needed to "put on [his] big boy pants and learn to cope with his situation." Plaintiff was given a lecture that made him feel more depressed and was then returned to his cell.

Within an hour of returning to his cell, Plaintiff began crying and making cuts on his right forearm. Correctional Officer John Doe witnessed his actions and told him he would "have to do better than that" and walked away. During the next shift, Plaintiff told Correctional Officer Jason Morris that he was suicidal and showed him the cuts on his forearm. Morris told him it was only a scratch and walked away. Later, Plaintiff took 20 pills, continued to cut his right forearm, and swallowed the metal he used to cut his arm.

When Morris conducted count at 9:30 pm, Plaintiff was sitting in a puddle of blood. He told Morris he had taken the pills, cut himself, and swallowed the metal. Plaintiff was tired, dizzy, and felt like he was going to pass out. Morris told him it was too late to get help and he would have to wait until the next shift for medical treatment. Morris opened the cuff hatch to view the cuts on Plaintiff's arm and then forced his arm back in the cell. There was blood outside of the cell door and all over the cell floor. Morris left Plaintiff in the cell. Plaintiff passed out and woke up in Chester Hospital hours later.

Based on the allegations in the Complaint, the Court designates the following single Count:

Count 1: Eighth Amendment claim against Defendants for deliberate indifference to Plaintiff's risk of self-harm and attempted suicide.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[2]

## Discussion

To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). Where the harm at issue is a suicide or attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded that risk." *Collins,* 462 F.3d at 761 (citations omitted). At this stage, the allegations in the Complaint are sufficient to allow Plaintiff's deliberate indifference claim to proceed against Defendants.

## Identification of John Doe Defendant

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the John Doe Defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Warden of Menard Correctional Center will be added in his or her official capacity to respond to discovery aimed at identifying the John Doe Defendant. Guidelines for discovery will be set by the undersigned judge. Once the name of the John Doe Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant for the John Doe Defendant.

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654.

Plaintiff has provided one letter from an attorney declining representation and another letter from an attorney requesting additional information about his case. He indicates he has written a third attorney but has not heard back. While responses to Plaintiff's requests are pending, the appointment of counsel is premature. Additionally, this case involves a single claim and is in the early stages of litigation. Through his pleadings and filings, Plaintiff has demonstrated that he has the ability to articulate clearly and effectively on his own behalf. Accordingly, the Motion for Recruitment of Counsel (Doc. 3) is **DENIED**. Plaintiff may renew his request for counsel at a later date. If he chooses to renew his request, he should provide rejection letters from at least two additional attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against M. Pappas, Jason Morris, and John Doe. The Clerk of Court is **DIRECTED** to **ADD** the **Warden of Menard Correctional Center**, in his or her official capacity only, to the docket for purposes of responding to discovery aimed at identifying the John Doe Defendant.

The Clerk of Court shall prepare for Pappas, Morris, Warden of Menard Correctional Center (official capacity only), and once identified, John Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum

and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the John Doe Defendant until such time as Plaintiff has identified him by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  As the Warden of Menard Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter his appearance. The Warden will receive further instruction on discovery at a later date.   **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of

5

whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 18, 2020**

>*s/ Staci M. Yandle*
>**STACI M. YANDLE**
>**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.