IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL SMITH, #M51792**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. 19-cv-1138-SMY |
| **JASON MORRIS,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Defendant, Jason Morris (Doc. 89). Plaintiff orally responded to Defendant's motions *in limine* during the final pretrial conference.

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles

in mind, and for the reasons more fully explained on the record during the final pretrial conference on May 10, 2023, the Court rules as follows.

### Defendant's Motions *in Limine*

1. Defendant moves to bar the Plaintiff or his witnesses from testifying at trial regarding the causation of any medical or mental health condition. The motion is **GRANTED** without objection.

2. Defendant moves to bar Plaintiff from offering inadmissible hearsay statements of any medical or mental health professionals. The motion is **GRANTED** without objection.

3. Defendant moves to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendant. The motion is **GRANTED** without objection.

4. Defendant moves to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving Defendant. The motion is **GRANTED** without objection.

5. Defendant moves to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance against Defendant. The motion is **GRANTED** without objection.

6. Defendant moves to prohibit Plaintiff from offering evidence or testimony referencing any "Golden Rule" appeal. The motion is **GRANTED** without objection.

7. Defendant moves to prohibit Plaintiff from offering evidence or testimony referencing Illinois Administrative Code, Illinois Department of Corrections Administrative Directives and/or Illinois Department of Corrections Policies and Procedures. The motion is **GRANTED** without objection.

**IT IS SO ORDERED.**

**DATED:  May 10, 2023**

 

STACI M. YANDLE
United States District Judge